IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| RYAN SCOTT JAMES PRICE, | ) | Cause No. CV 11-20-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER and |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

_____

On January 28, 2011, Petitioner Ryan Price moved to proceed in forma pauperis with this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Price is a state prisoner proceeding pro se.

### I. Motion to Proceed In Forma Pauperis

After reviewing Price's motion and supporting account statement, I find that he has sufficiently shown that he cannot afford to pay all costs that may be associated with this action. The motion will be granted.

### II. Jurisdiction

Price has previously filed two habeas petitions in this Court. The first

1

challenged his conviction for custodial interference, incurred in Missoula County in 2001. The petition was denied on the merits and a certificate of appealability was denied on March 14, 2007. Price v. Cashell, No. CV 05-77-M-DWM-JCL (D. Mont. filed Apr. 27, 2005).

Price's second petition challenged the revocation of his probation. It was denied on the merits and a certificate of appealability was denied on March 18, 2010. Price v. Attorney General, No. CV 09-154-M-DWM-JCL (D. Mont. filed Oct. 19, 2009).

The instant petition, Price's third, contains four claims. Three expressly challenge his original conviction in 2001, Pet. (doc. 1) at 5 ¶ 15B, 6 ¶ 15D, or the revocation of his probation in 2006, id. at 4 ¶ 15A. The Ninth Circuit Court of Appeals has not authorized those claims to be filed in this Court. 28 U.S.C. § 2244(b). They must be dismissed for lack of jurisdiction as unauthorized second or successive claims. Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam).

One claim in the petition alleges:

> I am being illegally detained without any just legal cause – I have been denied any treatment for my mental illness and I have been denied due process by every court in Montana and the state. I have been discriminated against because of my mental illness.

Pet. at 5-6 ¶ 15C. For his relief, Price asks the Court to vacate his conviction and

order his release.  Id. at 8 ¶ 18.

If Price meant to allege that he was deprived of due process in connection with his original conviction or the revocation proceeding, then his claim is second or successive and this Court lacks jurisdiction to consider it.  If he is referring to some other proceeding(s), then habeas is not a proper vehicle for his claims.

As to his claims of denial of mental health treatment and discrimination, Ninth Circuit law holds that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence," Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003), or where it is not clear there is a "potential relationship between his claim and the duration of his confinement," Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004); see also Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  Price's allegations concerning denial of due process in the state courts, denial of mental health treatment in prison, and discrimination, even if proved, are not likely to lead to his release from custody.  Cf. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); 18 U.S.C. § 3626(a)(3)(E)(i) (limiting prisoner release as a remedy in civil actions).  These allegations are not cognizable in habeas.

This Court lacks jurisdiction over each of Price's claims.  There is no need to permit him an opportunity to amend because he simply cannot proceed with any claim

3

in a habeas action under the facts he alleges in the petition. His petition should be dismissed.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Here, there is no room for debate. The restrictions on second or successive habeas petitions are clear and unambiguous. Price's claims regarding denial of mental health treatment and discrimination are not cognizable in habeas. These conclusions arise from well-settled law. There is no reason to encourage further habeas proceedings. A certificate of appealability is not warranted. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)); Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack, 529 U.S. at 484).

4

Based on the foregoing, the Court enters the following:

**ORDER**

Price's motion to proceed in forma pauperis (doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

**RECOMMENDATION**

1. All claims should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely

file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Price must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 31st day of January, 2011.

          /s/ Jeremiah C. Lynch
          Jeremiah C. Lynch
          United States Magistrate Judge