FILED

MAR 25 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| RYAN SCOTT JAMES PRICE, | ) | CV 11-20-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ATTORNEY GENERAL OF THE STATE OF MONTANA | ) ) | |
| | ) | |
| Respondents | ) ) | |

Petitioner Ryan Price applied for a writ of habeas corpus under 28 U.S.C. § 2254. Price is a state prisoner proceeding pro se. Magistrate Judge Lynch characterized the complaint as a "second or successive" habeas corpus application. Accordingly, on January 31, 2011, Judge Lynch entered Findings and Recommendation in this matter recommending Price's claims be dismissed for lack of jurisdiction. Petitioner timely objected. Therefore, he is entitled to de novo

review of those portions of the Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Price's petition challenges both his original conviction in 2001, (Pet. (dkt # 1) at 5 ¶ 15B, 6 ¶ 15D), or the revocation of his probation in 2006, (id. at 4 ¶ 15A). Price previously filed habeas petitions for the 2001 conviction and 2006 revocation. Price's objections do not address Judge Lynch's conclusion that the court lacks jurisdiction because the claims are unauthorized second or successive habeas corpus applications. Instead, he reasserts the grounds for his petition.

Before filing in the district court, a person desiring to file a second or successive habeas corpus application must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Unless authorized by the Ninth Circuit, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244 (2008). The court lacks jurisdiction over unauthorized second or successive claims. Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam).

Upon <u>de novo</u> review of Judge Lynch's findings and legal conclusions, I agree this court lacks jurisdiction. Price's claims are second and successive, and he has not received authorization to file them. Additionally, his claims regarding denial of mental health treatment and discrimination are not cognizable in habeas. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). A certificate of appealability is not warranted because jurists of reason would agree the petition should be dismissed. IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt # 4) are adopted in full. All claims are DISMISSED for lack of jurisdiction.

The Clerk of Court is directed to close this matter and to enter judgment of dismissal.

The Clerk of Court is further directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

Dated this 24th day of March, 2011.

Donald W. Molloy, District Judge
United States District Court